J-S51010-20

2021 PA Super 76

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON ROSS SNYDER | : | |
| | : | |
| Appellant | : | No. 832 MDA 2020 |

Appeal from the PCRA Order Entered May 4, 2020
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0001171-2017

BEFORE:  MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

OPINION BY MURRAY, J.:                                          **FILED APRIL 20, 2021**

Brandon Ross Snyder (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm in part, vacate in part, and remand with instructions.

In a prior decision, we summarized:

> In December 2016, a loss prevention employee from Lowe's Home Improvement Center (Lowe's) contacted Schuylkill County Child Development, Inc. (the Agency) regarding suspicious activity on the Agency's credit card.  The Agency had issued the credit card to its employee, Robert Ditzler, to use only after he had an approved purchase order.  On December 6, 2016, the Agency fired Ditzler, but Ditzler never returned the credit card to the employer.

> Almost two weeks later, from December 18-20, 2016, [Appellant] made purchases totaling $3,546.29 at Lowe's using the Agency's credit card.  For each purchase, [Appellant] signed his name as Robert Ditzler.  On December 22, 2016, [Appellant] again attempted to use the credit card at Lowe's.  When questioned by the cashier, [Appellant] presented his Pennsylvania driver's license, which identified him as Brandon Snyder.  A Lowe's

employee confronted [Appellant] regarding his authorization to use the credit card under Ditzler's name, at which point [Appellant] left the store, leaving the credit card and merchandise behind.

After a two-day jury trial, [Appellant] was convicted of access device fraud on October 25, 2018. On November 27, 2018, the trial court sentenced [Appellant] to eighteen to thirty-six months' incarceration in a state correctional facility.

*Commonwealth v. Snyder*, 2019 WL 4273798, at *1 (Pa. Super. Sep. 9, 2019) (unpublished memorandum) (footnote omitted).

On September 9, 2019, this Court affirmed Appellant's judgment of sentence. Appellant did not petition the Pennsylvania Supreme Court for allowance of appeal.

On September 30, 2019, Appellant *pro se* filed the underlying PCRA petition, in which he timely alleged ineffective assistance of both trial counsel and direct appeal counsel, Hank J. Clarke, Esquire. Despite Appellant's allegations against Attorney Clarke, the PCRA court appointed Attorney Clarke to represent Appellant in this PCRA action.[1]

_____

[1] The record indicates the PCRA court was unaware the petition contained allegations against Attorney Clarke. *See* N.T., 2/25/20, at 3-10. However, the record also shows both the Commonwealth and Attorney Clarke were aware of the conflict and Attorney Clarke only appeared at the PCRA hearing because he had been subpoenaed, not because he was prepared to represent Appellant. *See id.* Neither the Commonwealth nor Attorney Clarke informed the court of the problem during the approximately four-month period between the PCRA court's appointment of Attorney Clarke and the evidentiary hearing. Despite learning of the problem at the start of the hearing, the PCRA court did not adjourn to appoint substitute counsel, or afford Attorney Clarke time to either file an amended PCRA petition or prepare for an evidentiary hearing.

The PCRA court convened an evidentiary hearing on February 25, 2020. At the start of the hearing, Appellant, acting *pro se*, withdrew his allegations against Attorney Clarke,[2] who proceeded to represent Appellant at the hearing. The PCRA court did not advise Appellant that his withdrawal of allegations against Attorney Clarke would foreclose Appellant from raising them in the future. On May 4, 2020, the PCRA court denied Appellant's petition. This timely appeal followed.[3] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

---

We expressly disapprove the appointment of an attorney who previously represented a petitioner when the petitioner alleges ineffectiveness of that attorney in his PCRA petition.

[2] Appellant claimed he did not intend to make allegations against Attorney Clarke, and alleged ineffective assistance of appellate counsel only to flesh out the petition. **See** N.T., 2/25/20, at 10-13; PCRA Petition, 9/30/19, at 2.

[3] On March 16, 2020, the Pennsylvania Supreme Court declared a statewide judicial emergency due to the coronavirus that causes COVID-19. **In re: General Statewide Judicial Emergency**, 228 A.3d 1281 (Pa. 3/16/20) (*per curiam*). In its subsequent orders, the Supreme Court expanded the scope and extended the length of the judicial emergency. Pertinently, the Supreme Court generally suspended "all time calculations for purposes of time computation relevant to court cases or other judicial business, as well as time deadlines." **See In re: General Statewide Judicial Emergency**, 228 A.3d 1283 (Pa. 3/18/20) (*per curiam*). As to the suspension of calculations and deadlines, on April 28, 2020, the Supreme Court ordered: "legal papers or pleadings (other than commencement of actions where statutes of limitations may be in issue) which are required to be filed between March 19, 2020, and May 8, 2020, generally shall be deemed to have been filed timely if they are filed by close of business on May 11, 2020." **In re: General Statewide Judicial Emergency**, 230 A.3d 1015.

Appellant presents four issues for review, in which he assails trial counsel's effectiveness when he:

(1)     Failed to properly litigate a Rule 600 motion he filed during the pre-trial phase of the case, failed to make a motion to dismiss at trial, and failed to preserve the issue for appeal?

(2)     Failed to strike a particular juror, Helen Kimmel, from the jury pool to jury selection, despite the fact that [Appellant] specifically requested her removal from consideration?

(3)     Failed to request publication of certain security camera footage to the jury that could have exonerated [Appellant] at trial?

(4)     Failed to object to the participation of the First Assistant District Attorney of Schuylkill County, Michael Stine, as trial counsel for the Commonwealth, despite the fact that Attorney Stine was employed as Chief Public Defender of Schuylkill County at the time [Appellant] was arrested and charged and [Appellant] was initially represented by the Public Defender's office?

Appellant's Brief at 4.[4]

_____

Pursuant to the Supreme Court's March 16, 2020 Order, the President Judge of the Schuylkill County Court of Common Pleas, the Honorable William E. Baldwin, declared a judicial emergency on March 17, 2020. *See* 21st Judicial District Declaration, 3/17/20. On May 28, 2020, President Judge Baldwin issued a second order, stating:

Legal papers or pleadings . . . required to be filed between March 19, 2020 and June 14, 2020 shall be deemed timely filed if filed by June 15, 2020.

Supplemental Emergency Administrative Order, 5/28/20. Accordingly, because the Schuylkill County Court of Common Pleas suspended time calculations until June 15, 2020, and Appellant filed his notice of appeal on that date, this appeal is timely.

[4] We have reordered the issues for ease of disposition.

- 4 -

It is well settled that we review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." ***Id.***

As each of Appellant's issues claim that trial counsel was ineffective, we further recognize:

> It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. ***Commonwealth v. Cooper***, 941 A.2d 655, 664 (Pa. 2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." ***Id.*** A PCRA petitioner must address each of these prongs on appeal. ***See Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the . . . elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. ***Cooper***, 941 A.2d at 664.

***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018) (citations modified).

However, before we proceed to the substance of Appellant's issues, we would be remiss to disregard Appellant's right to counsel on a first PCRA petition, and the legal authority which provides that appointed counsel "shall be effective throughout the post-conviction collateral proceedings, including

any appeal from disposition . . . ). **See** Pa.R.Crim.P. 904(C), (F)(2); **see also Commonwealth v. Figueroa**, 29 A.3d 1177 (Pa. Super. 2011); **Commonwealth v. Robinson**, 970 A.2d 455 (Pa. Super. 2009) (*en banc*). Likewise, our Supreme Court has recognized the right to effective assistance of PCRA counsel. **See Commonwealth v. Jones**, 815 A.2d 598 (Pa. 2002). **"[D]ue process requires that the post conviction process be fundamentally fair. . . . Thus, petitioners must be given the opportunity for the presentation of claims at a meaningful time and in a meaningful manner**." **Commonwealth v. Bennett**, 930 A.2d 1264, 1273 (Pa. 2007) (emphasis added). The Supreme Court in **Bennett** stated, ". . . while the performance of PCRA counsel is not necessarily scrutinized under the Sixth Amendment, the performance of counsel must comply with some minimum norms. . . ." **Id.** at 1273-74.

Here, the record indicates Attorney Clarke failed to "comply with minimum norms." Despite Attorney Clarke being aware that Appellant's *pro se* petition contained allegations against him as direct appeal counsel, he did not seek to withdraw or communicate the conflict to the PCRA court. Also, we are unable to determine from the record if he advised Appellant of the consequences of withdrawing the allegations against him. Further, Attorney Clarke, rather than seeking to withdraw from representing Appellant or requesting a continuance to file an amended PCRA petition and prepare for the hearing, proceeded to represent Appellant at the hearing with little, if any,

advance preparation. As we discuss further below, these circumstances compel remand.

In his first issue, Appellant asserts trial counsel was ineffective because he did not pursue a speedy trial motion during pre-trial proceedings, did not raise the issue when trial began, and did not preserve the issue for appeal. Appellant's Brief at 8-11. We review the merits of this claim because we are able to do so from our review of the record, and independent of Attorney Clarke's representation.

Rule 600 was designed "to prevent unnecessary prosecutorial delay in bringing a defendant to trial." ***Commonwealth v. Brock***, 61 A.3d 1015, 1021 (Pa. 2013). It provides in pertinent part:

**(A) Commencement of Trial; Time for Trial**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or nolo contendere.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

* * *

**(C) Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must

> commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(A)(1), (2)(a), (C)(1).

> For purposes of determining the time within which trial must be commenced pursuant to paragraph (A), paragraph (C)(1) makes it clear that any delay in the commencement of trial that is not attributable to the Commonwealth when the Commonwealth has exercised due diligence must be excluded from the computation of time. Thus, the inquiry for a judge in determining whether there is a violation of the time periods in paragraph (A) is whether the delay is caused solely by the Commonwealth when the Commonwealth has failed to exercise due diligence. If the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded. In determining whether the Commonwealth has exercised due diligence, the courts have explained that due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort.

> Delay in the time for trial that is attributable to the judiciary may be excluded from the computation of time. However, when the delay attributable to the court is so egregious that a constitutional right has been impaired, the court cannot be excused for postponing the defendant's trial and the delay will not be excluded.

***Commonwealth v. McCarthy***, 180 A.3d 368, 375 (Pa. Super. 2018) (citation omitted), *appeal denied*, 193 A.3d. 346 (Pa. 2018).

This issue lacks merit. The record indicates that trial counsel filed a petition to dismiss for speedy trial violations on July 20, 2018, approximately 451 days after the complaint was filed. The Commonwealth filed a response on August 6, 2018, which was the date on which the court had scheduled a hearing on the issue. Appellant admits he failed to appear for the hearing. N.T., 2/25/20, at 20, 37-38. He states he was in drug rehabilitation at that

time, and informed counsel in advance he was unavailable; counsel disputes Appellant's explanation. *Id.* at 20-21; 38. Regardless, after discussion with the Commonwealth, counsel determined the Commonwealth's calculations were correct. *Id.* at 20-21. Counsel was unable to recall, and the record does not reflect, whether there was argument on the motion. The trial court denied the motion on August 9, 2018.

We have reviewed the record and the Commonwealth's response to the speedy trial motion, and conclude the Commonwealth was correct that only 304 days of delay were attributable to the Commonwealth; the remaining 137 were attributable to motions filed by Appellant, Appellant's request for a change of counsel, Appellant's failure to appear for jury selection in late May and early June 2018, and Appellant's request for a continuance on June 7, 2018. Thus, there is no merit to Appellant's first issue regarding trial counsel's ineffectiveness as to Rule 600 during pre-trial proceedings.

Appellant also asserts counsel was ineffective for failing to file a speedy trial motion prior to the start of trial on October 24, 2018, and for failing to preserve the issue for appeal. While Appellant did not raise this claim in his PCRA petition, or at the PCRA hearing, we decline to find waiver. However, our review of the record demonstrates it lacks merit. The record shows that 76 days accrued between the date the trial court decided the speedy trial motion and commencement of trial. Approximately 49 of those days were due to Appellant failing to appear for jury selection on August 15, 2018, and the

court issuing a bench warrant, which was not lifted until September 10, 2018. Even if we were to conclude the remainder of that time was attributable to the Commonwealth, it would total less than 365 days. Appellant's first issue lacks merit.

In his second issue, Appellant argues trial counsel was ineffective for failing to strike a prospective juror, who testified during *voir dire* she was friends with a judge. Appellant's Brief at 14-15. Normally, we would find this claim waived for failure to provide the relevant transcript; however, it appears waiver could have been avoided had counsel requested transcription of *voir dire*.[5] Thus, we are constrained to remand on this issue for counsel to obtain a copy of the transcript, and if the claim has arguable merit, include it in an amended PCRA petition and the record.

In his third issue, Appellant asserts trial counsel was ineffective for failing "to introduce or publish to the jury critical footage from security camera surveillance that could have exonerated Appellant[.]" Appellant's Brief at 16; **see also id.** at 16-19. At no point in these proceedings has Appellant described what the security camera footage showed, or explained why he

---

[5] It does not appear *voir dire* was ever transcribed. The record shows counsel did not request it on direct appeal, and Attorney Clarke only requested transcription of the PCRA hearing for this appeal.

believes it was exculpatory.[6]  **See** PCRA Petition, 9/30/19, at 4; N.T., 2/25/20, at 42-43; Appellant's Brief at 16-19.  Also, the security camera footage is not in the certified record.[7]  Again, because this issue was impacted by Attorney Clarke's representation, we are constrained to remand.

In his fourth and final issue, Appellant asserts trial counsel was ineffective "because he failed to object to the participation" of the prosecutor, Michael Stine, who had served as Chief Public Defender (CPD) at the time of Appellant's arrest, and during Appellant's representation by the Schuylkill County Public Defender's Office (PD's Office), from April 2017 through December 31, 2017.  Appellant's Brief at 11; **see id.** at 11-14.  As we are unable to fully evaluate this claim, remand is appropriate.

The record confirms that the PD's Office represented Appellant for approximately nine months in 2017.  It also appears the PD's Office

_____

[6] This defect may be remedied by the filing of a counseled, amended PCRA petition.

[7] The Commonwealth did not introduce the full security camera footage at trial, but introduced "screen captures" of the footage.  N.T., 10/25/18, at 199-201.  At Appellant's request, the parties viewed the full footage outside the presence of the jury, and the trial court described it as "depict[ing] the various exhibits of screenshots that [the witness] testified to."  **Id.** at 196.  The trial court was willing to allow the full footage to be played for the jury, but trial counsel objected, stating it was not in Appellant's best interest; the trial court also suggested the footage be marked as an exhibit in case this Court wanted to view it on appeal, but counsel again objected.  **Id.** at 198-99.  Ultimately, the trial court directed trial counsel "to preserve it in the event of a subsequent appeal."  **Id.** at 199.  It is not clear to us where or whether the footage exists.  Again, this is something that PCRA counsel should be able to ascertain.

represented Appellant in additional matters. Further, it is undisputed that the PD's Office is small, and ADA Michael Stine, who tried Appellant's case in October 2018, supervised the APD who represented Appellant from April through December 2017. *See* Appellant's Brief at 13. The record also reflects that prior to trial, a different prosecutor handled Appellant's case. ADA Stine does not appear on the docket until he filed a motion on October 23, 2018, the day before Appellant's trial. There is no explanation of record for the change in prosecutors.

The fact that a public defender becomes a district attorney does not automatically compel disqualification. *See Commonwealth v. Miller*, 422 A.2d 525, 528 (Pa. Super. 1980) (*en banc*). However, we must scrutinize the facts of each case and determine whether remedial measures taken by the Commonwealth were sufficient to avoid a conflict of interest. *See Commonwealth v. Harris*, 460 A.2d 747, 749 (Pa. 1983).

Here, at the PCRA hearing, trial counsel admitted he was aware the PD's Office had previously represented Appellant, and that ADA Stine had been the CPD during the initial stages of Appellant's case, but subsequently became employed as an ADA. N.T., 2/25/20, at 17-18. Trial counsel indicated he did not file a motion to disqualify ADA Stine because Appellant did not ask him to do so.[8] *See id.*

---

[8] Appellant disputed this testimony. N.T., 2/25/20, at 35-36.

In reviewing and rejecting this issue, the PCRA court did not inquire as to whether the Commonwealth had taken any remedial actions, or whether trial counsel asked about the Commonwealth's remediation efforts. Instead, it reasoned: (1) ADA Stine did not personally represent Appellant; and (2) Appellant did not ask trial counsel to file a motion to disqualify. PCRA Court Opinion, 5/4/20, at 5-6.

We note that while ADA Stine did not directly represent Appellant, he supervised the attorney who did, and his level of involvement with the other cases in which the PD's Office represented Appellant is not in the record. The PCRA court should have inquired and considered whether ADA Stine possessed confidential information regarding Appellant that he would not have had, but for his employment in the PD's Office. **See Commonwealth v. Ford**, 122 A.3d 414, 417 (Pa. Super. 2015) (affirming disqualification of assistant district attorney who represented appellant in unrelated matters as a public defender and might have been in possession of confidential information regarding appellant because of that representation). **See also Commonwealth v. Simms**, 799 A.2d 853, 855-57 (Pa. Super. 2002) (holding that order issued by trial court was sufficient to prevent any conflict of interest where former assistant public defender became district attorney, and order prevented him from prosecuting cases where he either represented the defendant in the past **or was in possession of confidential information about the defendant because of his past association with other attorneys in that office**).

Here, the PCRA court failed to address whether the DA's Office implemented any remedial measures as to potential conflicts of interest. *See Harris*, 460 A.2d at 183 (no conflict of interest existed where district attorney put all possible measures in place to separate himself from cases he was involved with when he was a public defender).

Regarding the PCRA court's rejection of Appellant's claim, *i.e.*, crediting counsel's testimony that Appellant did not ask counsel to object or seek to disqualify ADA Stine, we are not persuaded that the responsibility was Appellant's alone. We recognize "the difficult role of defense attorneys who must defend their clients vigorously in adversary proceedings." *Commonwealth v. King*, 182 A.3d 449, 458 (Pa. Super. 2018); *see also id.* at 459 n.4 (referencing the crucial role of defense attorneys "who hold the government and our courts accountable.") (citation omitted). However, we cannot ascribe to Appellant sole responsibility for advancing this issue, particularly where trial counsel knew: (1) Appellant had been represented by the PD's Office in 2017; (2) the dates of Appellant's 2017 representation overlapped with the time when ADA Stine was CPD; (3) the small size of the PD's Office and Stine's supervisory role made it possible he had prior knowledge of Appellant's case; and (4) prior to trial, ADA Stine substituted his appearance for the prosecutor who had represented the Commonwealth since the inception of Appellant's case.

Consistent with the foregoing, we find arguable merit to this issue based on counsel failing to provide a reasonable basis for his failure to object to ADA Stein's representation on behalf of the Commonwealth. ***See Wholaver***, 177 A.3d at 144. However, we are unable to determine whether Appellant was prejudiced by counsel's omission. ***See id.***

As discussed above, PCRA counsel had minimal time to prepare for the PCRA hearing, and no opportunity to subpoena ADA Stine to testify. Absent evidence regarding any knowledge ADA Stine possessed as a result of being the CPD in 2017, and about what, if any, remedial measures the DA's Office took to avoid a conflict of interest, it is impossible to determine whether a conflict of interest existed. However, it is clear this issue should have been explored more thoroughly at the evidentiary hearing.

In sum, the unwieldy procedural circumstances of this case led to PCRA counsel's failure to file an amended PCRA petition. Further, Appellant may have unknowingly waived his right to challenge the effectiveness of direct appeal counsel. Also, while it is unclear whether Appellant's second and third claims have merit, the aforementioned circumstances indicate that Mr. Clarke may have failed to "comply with some minimum norms." ***Bennett***, 930 A.2d at 1273-74. Lastly, Appellant's fourth claim has arguable merit where, *inter alia*, ADA Stine did not testify. Accordingly, we vacate the portion of the PCRA court's May 4, 2020 order denying relief as to Appellant's second, third and fourth claims. We remand for the PCRA court to appoint new PCRA counsel

who has no prior involvement with Appellant. The PCRA court shall grant new PCRA counsel leave to file an amended PCRA petition, if Appellant desires,[9] to include Appellant's claim that trial counsel was ineffective for failing to object to ADA Stine's representation, as well as any other meritorious issues. If Appellant continues to seek post-conviction relief, the PCRA court shall conduct a hearing, and the parties shall endeavor to introduce evidence of ADA Stine's knowledge about Appellant as a result of being CPD, as well as any remedial measures taken by the Commonwealth to avoid a conflict of interest. ***Harris, supra***. PCRA counsel may also recall trial counsel and Appellant to testify about this issue and any others that may have merit.

Order affirmed in part and vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/20/2021

---

[9] As Appellant was sentenced on November 27, 2018 to 18 to 36 months of incarceration, he may no longer wish to pursue or may no longer be eligible for post-conviction relief.