J-A14013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAWRENCE M. FRANCIS | : | |
| | : | |
| Appellant | : | No. 705 WDA 2020 |

Appeal from the PCRA Order Entered May 14, 2020
In the Court of Common Pleas of Blair County
Criminal Division at No: CP-07-CR-0000861-2017

BEFORE: MURRAY, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: AUGUST 18, 2021**

Lawrence M. Francis (Appellant) appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we vacate and remand for further proceedings.

> In April 2017, [Appellant] was charged by criminal complaint with various violations of the controlled substance act. The charges stemmed from a grand jury presentment that detailed [Appellant's] involvement in a drug distribution organization. [Appellant] was alleged to be one of the leaders of that ring. In June 2017, the Commonwealth filed a notice of intent to consolidate [Appellant's] case with that of eight other co-defendants. A notice of intent to consolidate filed in October 2017 sought to consolidate his case with eleven other defendants.
>
> The prosecution proceeded through the pre-trial phase. This involved various status conferences with counsel. During the pre-trial phase, [Appellant's] counsel, Mark Zearfaus, filed an omnibus pre-trial motion on February 20, 2018. The pre-trial motion included an allegation that there was insufficient evidence to support the charges against [Appellant]. Attorney Zearfaus

alleged that [Appellant] was being prosecuted based on a theory of guilt by association. A thirty-one (31) page incident report was admitted into evidence as part of the parties' stipulation for determination of the pre-trial motion. Other documents were also admitted. [The trial court] entered an Opinion and Order on October 24, 2018 regarding [Appellant's] pre-trial motion.

PCRA Court Opinion, 8/21/20, at 1-2.

On November 14, 2018, Appellant pled guilty to two counts of possession with intent to deliver and one count each of dealing in proceeds of unlawful activity, corrupt organizations, conspiracy to commit corrupt organizations, and persons not to possess firearms.[1] That same day, the trial court sentenced Appellant to 11 to 22 years of incarceration, with credit for time served. Appellant did not file a direct appeal.

On August 2, 2019, Appellant *pro se* filed a PCRA petition, his first. The PCRA court appointed Paul Puskar, Esquire to represent Appellant. Attorney Puskar did not file an amended petition. On March 12, 2020, the court held a hearing on Appellant's petition. At the conclusion of the hearing, the court ordered both parties to submit briefs in support of their respective positions. **See** N.T., 3/12/20, at 13; **see also** Order, 3/18/20. The PCRA court opinion indicates Appellant complied with this directive on April 17, 2020. PCRA Court Opinion, 8/21/20, at 3. However, there is no brief in the record and no docket entry indicating the brief was filed. The Commonwealth filed a memorandum

---

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. §§ 903, 911(b)(4), 5111(a)(1), 6105(a)(1).

of law on May 4, 2020. On May 14, 2020, the PCRA court issued an order and opinion denying Appellant's petition.

On July 6, 2020, Appellant filed a *pro se* notice of appeal.[2, 3] Based on Appellant's *pro se* filing, the PCRA court scheduled a **Grazier**[4] hearing for July 23, 2020. During the hearing, Appellant expressed his desire to proceed *pro se*. In a document filed July 31, 2020, Appellant confirmed in writing that he wished to proceed *pro se*. **See** *Pro Se* Correspondence, 7/31/20 ("Your honor

_____

[2] It is well-settled that appellate courts generally cannot extend the time for filing an appeal. **See** Pa.R.A.P. 105(b). Accordingly, on October 16, 2020, this Court issued a rule to show cause why this appeal should not be quashed as untimely. Appellant did not file a response. However, in **Commonwealth v. Braykovich**, 664 A.2d 133 (Pa. Super. 1995), we addressed an untimely appeal where it was shown that a breakdown in the trial court caused the appeal to be untimely. Here, the record reflects the Clerk of Courts served Attorney Puskar with the order denying PCRA relief on May 15, 2020, but the PCRA court failed to notify Appellant of his appellate rights. The court's failure to advise Appellant of these rights constitutes a breakdown in the process, such that we overlook the untimely nature of this appeal. **See Commonwealth v. Patterson,** 940 A.2d 493, 498 (Pa. Super. 2007) (compiling cases in which the "courts of this Commonwealth have held that a court breakdown occurred in instances where the trial court . . . either failed to advise Appellant of his . . . appellate rights or misadvised him").

[3] The filing of *pro se* pleadings while represented by counsel is considered "hybrid" representation and is prohibited within the Commonwealth. **See Commonwealth v. Staton**, 184 A.3d 949, 958 (Pa. 2018) (no defendant has a constitutional right to self-representation together with counseled representation "either at trial or on appeal"); **see also Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa. 2011) (citing Pennsylvania's long-standing policy precluding hybrid representation). We recognize, however, that when an appellant is represented by counsel at the time he files a *pro se* notice of appeal, the appeal has effect and is not a nullity. **See Commonwealth v. Cooper**, 27 A.3d 994, 1007 (Pa. 2011) (*pro se* notice of appeal from final judgment filed by represented appellant is not automatically void).

[4] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

I am writing you to let you know that I do want to move forward with my appeal process *pro se*.").  Appellant filed a *pro se* court-ordered Pa.R.A.P. 1925(b) concise statement on August 14, 2020; the PCRA court filed its Pa.R.A.P. 1925(a) opinion on August 21, 2020.

On September 28, 2020, this Court entered an order directing the PCRA court to clarify Appellant's representation status.  By order dated October 1, 2020, the PCRA court excused Attorney Puskar from representation and granted Appellant's request to proceed *pro se*.

On November 10, 2020, Appellant filed in this Court an application for appointment of counsel.  As Appellant had also advised the PCRA court of his request, on November 16, 2020, the PCRA court sent a letter to this Court referencing its October 1, 2020 order permitting Appellant to proceed *pro se*, and indicating it would await direction from this Court on how to proceed.  This Court denied Appellant's request for counsel the same day.  **See** Order, 11/16/20.  Appellant filed an application for reconsideration of our order denying his request for counsel, which we denied on November 30, 2020. However, on December 4, 2020, this Court *sua sponte* entered an order vacating its November 30, 2020 order denying reconsideration and remanding the record "for the lower court to determine if the appointment of counsel would be appropriate for purposes of the instant appeal." Order, 12/4/20.  On December 24, 2020, following a hearing, the PCRA court appointed Matthew J. McGregor, Esquire, as counsel for Appellant.  Attorney McGregor has filed an appellate brief on Appellant's behalf, and raises the following issues:

1. Whether PCRA counsel provided ineffective assistance of counsel in failing to address and argue that

   a. trial counsel's abandonment of an outstanding motion to suppress was unreasonably, prejudicial, and amounted to ineffective assistance of counsel such that appellant's guilty plea was not knowing and intelligent,

   b. trial counsel's decision to pursue a guilty plea prior to the disposition of the outstanding motion to suppress so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

Appellant's Brief at 2 (unnumbered).

When reviewing an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Pertinently, the Commonwealth correctly recognizes that Appellant's issues are an "improper and impermissible [] attempt to raise issues for the first time on appeal." Commonwealth Brief at 2. Our Courts have continued

to hold claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal. ***Commonwealth v. Pitts***, 981 A.2d 875, 880 n.4 (Pa. 2009).

However, we cannot disregard that a petitioner has a rule-based right to the assistance of counsel on their first PCRA petition. Pa.R.Crim.P. 904(C); ***see also Commonwealth v. Robinson***, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (stating, "a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process []"). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." ***Commonwealth v. Powell***, 787 A.2d 1017, 1019 (Pa. Super. 2001) (citation omitted). "Moreover, once counsel is appointed, he [or she] must take affirmative steps to discharge his [or her] duties." ***Id.*** "When appointed, counsel's duty is to either (1) amend the petitioner's *pro se* Petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of ***Turner/Finley***.[5]" ***Commonwealth v. Cherry***, 155 A.3d 1080, 1083 (Pa. Super. 2017). "If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled." ***Id.*** (citing ***Powell***, 787 A.2d at 1019).

---

[5] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

We recently stated:

> [W]e would be remiss to disregard Appellant's right to counsel on a first PCRA petition, and the legal authority which provides that appointed counsel "shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition...". ***See*** Pa.R.Crim.P. 904(C), (F)(2); ***see also Commonwealth v. Figueroa***, 29 A.3d 1177 (Pa. Super. 2011); ***Commonwealth v. Robinson***, 970 A.2d 455 (Pa. Super. 2009) (*en banc*). Likewise, our Supreme Court has recognized the right to effective assistance of PCRA counsel. ***See Commonwealth v. Jones***, 572 Pa. 343, 815 A.2d 598 (2002). "**[D]ue process requires that the post conviction process be fundamentally fair. ... Thus, petitioners must be given the opportunity for the presentation of claims at a meaningful time and in a meaningful manner**." ***Commonwealth v. Bennett***, 593 Pa. 382, 930 A.2d 1264, 1273 (2007) (emphasis added). The Supreme Court in ***Bennett*** stated, "... while the performance of PCRA counsel is not necessarily scrutinized under the Sixth Amendment, **the performance of counsel must comply with some minimum norms**[.]" ***Id.*** at 1273-74.

***Commonwealth v. Snyder***, 250 A.3d 1253, 1258 (Pa. Super. 2021) (emphasis added to final sentence).

Here, our review of the certified record indicates Appellant's counsel before the PCRA court, Attorney Puskar, did not file an amended PCRA petition or certify that Appellant's claims lack merit and seek to withdraw pursuant to ***Turner/Finley***. Notably, the PCRA court's review of Appellant's claims was based only on *pro se* filings. Also, as noted above, Appellant's counsel on appeal, Attorney McGregor, has presented issues on appeal that were not raised with the PCRA court.

Accordingly, because counsel failed to comply with the "minimum norms" of representation, we vacate the May 14, 2020 order denying PCRA relief and remand for the PCRA court to determine and/or appoint counsel to represent Appellant in further proceedings before the PCRA court.[6] ***Bennett***, 930 A.2d at 1273-74. Counsel shall file an amended PCRA petition or certify that Appellant's claims lack merit and seek to withdraw consistent with the dictates of ***Turner/Finley***. ***See Cherry, supra***; ***Powell, supra***. The case shall proceed in the PCRA court consistent with this memorandum and applicable legal authority. ***See***, ***e.g.***, Pa.R.Crim.P. 902-908.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2021

---

[6] Assuming Appellant still desires representation, the PCRA court shall have discretion to determine whether Attorney Puskar, Attorney McGregor, or another attorney shall represent Appellant on remand.