J-S21039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                      :              PENNSYLVANIA
                                                        :

                   v.                                                :
                                                        :

JERMAINE JONES                                :
                                                        :
                   Appellant                    :     No. 1606 EDA 2023

Appeal from the PCRA Order Entered May 19, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005076-2021

BEFORE: LAZARUS, P.J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                      **FILED JULY 17, 2024**

Jermaine Jones (Appellant) appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Appellant's appointed counsel, Stephen D. Molineux, Esquire (Counsel), has filed an application to withdraw from representation and brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We grant Counsel's application to withdraw and affirm the PCRA court's order.

An exhaustive recitation of the underlying factual history is not necessary for disposition of the instant appeal. In short, on October 22, 2021, the Commonwealth alleged Appellant physically assaulted a member of his household, placing the victim in a chokehold that nearly caused him to lose consciousness. ***See*** Affidavit of Probable Cause, 10/22/21, at 1.

The PCRA court competently outlined the procedural history:

On August 22, 2022, Appellant tendered a knowing, voluntary and intelligent negotiated guilty plea to strangulation[, 18 Pa.C.S.A. § 2718(a)(1),] and simple assault[, 18 Pa.C.S.A. § 2701(a)(1)]. [The matter proceeded to sentencing immediately thereafter.] As to docket CP-23-CR-5076[-2021 (No. 5076)], on Count 1: strangulation, Appellant was sentenced to 8 to 23 months [in jail,] with the standard range being 30 to 42 months. As to docket CP-23-CR-4915-2021 [(No. 4915)], on Count 1: simple assault, Appellant was sentenced to two years' probation consecutive to [No. 5076,] with the standard range being [restorative sanctions] to 9 months.

On September 12, 2022, Appellant filed a *pro se* Notice of Appeal to [this Court], and a [Pa.R.A.P.] 1925(b) Concise Statement of Matters Complained of on Appeal was ordered.

On November 4, 2022, [Counsel] was appointed to represent Appellant. Appellant filed a *pro se* Motion for Early Release on December 27, 2022, which was denied on December 30, 2022, because Appellant was represented by counsel. [**See Commonwealth v. Green**, 271 A.3d 393, 399 n.8 (Pa. Super. 2021) ("[H]ybrid representation is not permitted." (citation omitted)).]

Counsel advised Appellant the issue he wished to raise was more appropriate for a PCRA petition, and Appellant voluntarily withdrew his *pro se* appeal on February 8, 2023. Counsel filed a [PCRA petition] on March 7, 2023.

On April 12, 2023, the [PCRA] court conducted a hearing to determine which issues Appellant wished to raise, and to [receive] testimony from both Appellant and [Nicholena Rushton, Esquire (plea counsel)]. The court dismissed [Appellant]'s petition and [filed] an Opinion in support of its dismissal on May 18, 2023.

On June 15, 2023, Appellant filed a[] notice of appeal[ from the May 18, 2023, order]. A [timely] concise statement of errors complained of on appeal was submitted by Counsel on August 28, 2023. … The court filed an Opinion in support on September 14, 2023.

PCRA Court Opinion, 2/15/24, 1-3 (some punctuation and capitalization modified; footnotes omitted).

Appellant's June 15, 2023, notice of appeal listed both No. 4915 and No. 5076, in violation of **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018) (stating the filing of a single notice of appeal from an order involving more than one docket generally requires the appellate court to quash the appeal). However, in light of **Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021) (overruling **Walker**'s mandate requiring quashal), we entered an order on October 16, 2023, directing Appellant to file two amended notices of appeal in the PCRA court.

On October 30, 2023, Appellant filed one amended notice of appeal listing No. 5076. On December 20, 2023, Appellant filed a motion in this Court to discontinue the appeal at No. 4915.[1] Accordingly, we entered an order withdrawing the appeal at No. 4915, striking No. 4915 from the instant appeal at 1606 EDA 2023, and allowing the appeal of No. 5076 to proceed at 1606 EDA 2023. On March 25, 2024, Counsel filed an application to withdraw from

---

[1] Appellant's counseled PCRA petition sought relief only at No. 5076. In his December 20, 2023, motion to discontinue appeal, Counsel averred that "[d]ue to an administrative error, [No. 4915] was inadvertently added to this appeal." Motion to Discontinue Appeal, 12/20/23, at 1 (unpaginated). Through correspondence to this Court, the PCRA court clarified that Counsel was erroneously appointed to represent Appellant at No. 4915. Correspondence, 1/24/24, at 1 (unpaginated). On January 24, 2024, the PCRA court permitted Counsel to withdraw from No. 4915.

representation and *Turner*/*Finley* brief in this Court. Appellant has not responded to Counsel's application to withdraw or *Turner*/*Finley* brief.

We first address whether Counsel has satisfied the procedural requirements of *Turner*/*Finley* in petitioning to withdraw. *Commonwealth v. Knecht*, 219 A.3d 689, 691 (Pa. Super. 2019) ("When presented with a brief pursuant to *Turner*/*Finley*, we first determine whether the brief meets the procedural requirements of *Turner*/*Finley*."). This Court has explained:

> A *Turner*/*Finley* brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.

*Knecht*, 219 A.3d at 691 (citations omitted). Further, we have stated that substantial compliance with the requirements to withdraw as counsel will satisfy the *Turner*/*Finley* criteria. *Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003).

Here, in his *Turner*/*Finley* brief, Counsel (1) stated he has conducted a conscientious examination of the record, (2) determined there are no non-frivolous arguments to support Appellant's claim, and (3) explained why Appellant's claim lacks merit. *See Turner*/*Finley* Brief at 1-6 (unpaginated). Additionally, Counsel notified Appellant of Counsel's request to withdraw, advised Appellant of his right to retain new counsel and/or raise any points he

- 4 -

might deem worthy of consideration, and furnished Appellant with copies of the petition to withdraw and **Turner**/**Finley** brief. **See Turner**/**Finley** Brief at 7 (unpaginated); Application to Withdraw, 3/25/24, at 2. Under these circumstances, we conclude Counsel has substantially complied with the **Turner**/**Finley** procedural requirements. Accordingly, we proceed to independently review Appellant's claims.

In his **Turner**/**Finley** brief, Counsel identifies Appellant's sole issue:

> Whether the PCRA [c]ourt erred in denying [Appellant]'s PCRA petition[,] where [Appellant] was denied effective assistance of counsel, as guaranteed by the Pennsylvania and United States Constitutions, when [plea] counsel failed to file a motion for reconsideration [of sentence] when [Appellant] clearly expressed that he wished to exercise these rights[?]

**Turner**/**Finley** Brief at 2 (unpaginated).

We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id.** Further, the PCRA court's "credibility determinations are to be provided great deference, and indeed, they are one of the primary reasons PCRA hearings are held in the first place." **Commonwealth v. Rizor**, 304 A.3d 1034, 1058 (Pa. 2023) (citation, brackets, and quotation marks omitted).

- 5 -

Appellant alleges ineffective assistance of counsel. Concerning ineffectiveness claims, we have observed:

> [C]ounsel is presumed to have been effective and the petitioner bears the burden of proving counsel's alleged ineffectiveness. ***Commonwealth v. Cooper***, 941 A.2d 655, 664 (Pa. 2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." ***Id.*** A PCRA petitioner must address each of these prongs on appeal. ***See Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the … elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. ***Cooper***, 941 A.2d at 664.

***Commonwealth v. Snyder***, 250 A.3d 1253, 1258 (Pa. Super. 2021) (citations modified) (quoting ***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018)). "We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case." ***Commonwealth v. Evans***, 303 A.3d 175, 182 (Pa. Super. 2023) (quoting ***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016)).

Significantly, regarding counsel's failure to file a motion to reconsider sentence, our Supreme Court has stated, "Whether [] counsel can be deemed ineffective[] depends upon whether [the petitioner] has proven that a motion to reconsider sentence, if filed …, would have led to a more favorable outcome

at [] sentencing." ***Commonwealth v. Reaves***, 923 A.2d 1119, 1131-32 (Pa. 2007). Therefore, where counsel fails to file a motion to reconsider sentence, **we do not presume prejudice**; rather, the petitioner "must satisfy the [] actual prejudice standard." ***Id.*** at 1129; ***see also Commonwealth v. Taylor***, 933 A.2d 1035, 1042 (Pa. Super. 2007) ("Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." (citation omitted)).

Instantly, the parties agree that Appellant requested that plea counsel file a motion to reconsider his sentence, and plea counsel declined to do so. ***See Turner***/***Finley*** Brief at 5-6 (unpaginated); Commonwealth Brief at 8. At the April 12, 2023, PCRA hearing, Appellant initially complained he "shouldn't have gotten as much time that I received." N.T., 4/12/23, at 26. However, he agreed with the prosecutor that the sentence he received, 8 to 23 months in jail for his strangulation conviction, was significantly below the applicable standard-guideline range of 30 to 42 months in prison. ***Id.*** at 27-28. When questioned about the basis for requesting that plea counsel file a post-sentence motion, Appellant indicated:

> I needed to go home to be a full-time caregiver for my aunt and the fact that I feel as though I wanted to bring that in front of the judge to see if maybe he could reconsider the sentence and **for no other reason than the fact that it is my constitutional right to have the reconsider[ation] motion filed whether the court decided to deny it or not and that was not filed**.

***Id.*** at 35-36 (emphasis added).

- 7 -

The PCRA court found that Appellant failed to meet his burden of establishing plea counsel's ineffectiveness:

> The crux of Appellant's claim is that between the time he accepted the plea and that evening[,] when he returned to the correctional facility, he came to learn that his aunt's circumstances changed and that she was not being admitted to a care facility. Consequently, he would need to be her caregiver.
>
> ….
>
> Prior to Appellant entering his negotiated guilty plea, both trial counsel and the court confirmed that Appellant understood his rights, the rights he was giving up by pleading guilty, the full terms of the plea offer and that he was entering his guilty plea knowingly, voluntarily and intelligently. Appellant read the twenty-nine paragraph guilty plea statement, placed his initials next to each paragraph and signed the document acknowledging his complete understanding of the above. Furthermore, he also executed the statement of post-sentence rights and the conditions of probation and parole.
>
> ….
>
> **Appellant received a very generous offer from the Commonwealth which satisfied his desire not to be sent to a state correctional institution. Had [plea] counsel filed a motion for reconsideration of sentence, the court would not have granted it. No circumstances known prior to or after the plea would have swayed the court to modify the sentence**.
>
> There is nothing in the record that lends support to Appellant's claim that his conditions had substantially changed in the 24 hours between his guilty plea and asking for a motion for reconsideration. He claimed a new need for a shorter sentence to act as a caretaker for his [a]unt, though he knew of her condition and the possibility he would need to be her caretaker prior to the negotiated plea deal. [N.T., 4/12/23, at 37.]

PCRA Court Opinion, 2/15/24, at 4-8 (emphasis added).

The PCRA court's findings are supported by the record and free of legal error. We agree with the PCRA court that Appellant failed to establish actual prejudice. **See Reaves**, 923 A.2d 1119, 1129. The mere fact that Appellant was entitled to file a post-sentence motion did not relieve him of the burden of proving that a post-sentence motion would have been successful. **Id.** The PCRA court cogently summarized that 1) Appellant had received a "very generous offer[,]" 2) he was already aware of his aunt's condition at the time of his sentencing, and 3) any motion for reduction of sentence would have been futile. PCRA Court Opinion, 2/15/24, at 8. As Appellant failed to establish prejudice resulting from counsel's failure to file a post-sentence motion, his ineffectiveness claim fails. **See Snyder**, 250 A.3d at 1258. Under these circumstances, we conclude the PCRA court did not err in dismissing Appellant's PCRA petition.

Order affirmed. Application to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/17/2024