J-S35028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KRISTIN JUNE KAUFFMAN | : | |
| | : | |
| Appellant | : | No. 570 MDA 2024 |

Appeal from the PCRA Order Entered March 19, 2024
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000298-2023

BEFORE:  PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY MURRAY, J.:                **FILED: OCTOBER 25, 2024**

Kristin June Kauffman (Appellant) appeals from the order dismissing her first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  We affirm.

An exhaustive recitation of the factual history is not necessary for disposition of the instant appeal.  In short, the Commonwealth alleged that between January 1, 2022, and November 8, 2022, Appellant provided alcohol and marijuana to two minor victims.  **See** Affidavit of Probable Cause, 2/6/23, at 1; **see also** N.T., 4/13/23, at 6-7.  On March 31, 2023, the Commonwealth filed a criminal information charging Appellant with corruption of minors (COM).[1]

---

[1] 18 Pa.C.S.A. § 6301(a)(1)(i).

On April 13, 2023, Appellant entered a negotiated guilty plea to the above offense. Eric E. Hawbaker, Esquire (plea counsel), represented Appellant. Immediately following the plea hearing, consistent with the parties' agreement, the trial court sentenced Appellant to three years' probation. Appellant did not file a post-sentence motion or direct appeal.

On September 26, 2023, Appellant, *pro se*, filed the instant PCRA petition. Appellant alleged that she "would not have pled guilty if [she] had known that [she] would lose [her] right to own firearms." PCRA Petition, 4/13/23, at 4. On October 10, 2023, the PCRA court appointed Appellant counsel, who promptly filed an amended PCRA petition. In her amended PCRA petition, Appellant alleged plea counsel was ineffective for "not advis[ing Appellant] of the collateral consequence of a [COM] conviction and its impact on her ability to lawfully possess a firearm and conceal[ed] carry permit in the Commonwealth of Pennsylvania." Amended PCRA Petition, 12/20/23, ¶ 19.

On February 20, 2024, the PCRA court filed a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing, and an accompanying opinion. Appellant did not file a response. On March 19, 2024, the PCRA court dismissed Appellant's PCRA petition. Appellant timely appealed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue:

Did the [] PCRA [c]ourt abuse its discretion and commit legal error when it declined to convene a PCRA evidentiary hearing to make

findings of fact and conclusions of law with respect to whether Appellant's [plea] counsel rendered ineffective assistance – a genuine issue of material fact[,] which, if resolved in [Appellant's] favor, would have entitled her to relief?

Appellant's Brief at 4.

Appellant argues the PCRA court erred in denying her request for an evidentiary hearing regarding whether plea counsel was ineffectiveness for failing to advise her of a collateral consequence of her guilty plea. *See id.* at 13.

"Appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Maxwell*, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*) (citation and quotation marks omitted). Further,

> [t]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Grayson*, 212 A.3d 1047, 1054 (Pa. Super. 2019) (citation omitted).

Concerning ineffectiveness claims, we have observed:

> [C]ounsel is presumed to have been effective and the petitioner bears the burden of proving counsel's alleged ineffectiveness.

- 3 -

> *Commonwealth v. Cooper*, 941 A.2d 655, 664 (Pa. 2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." *Id.* A PCRA petitioner must address each of these prongs on appeal. *See Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the … elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. *Cooper*, 941 A.2d at 664.

*Commonwealth v. Snyder*, 250 A.3d 1253, 1258 (Pa. Super. 2021) (citations modified) (quoting *Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018)). "We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case." *Commonwealth v. Evans*, 303 A.3d 175, 182 (Pa. Super. 2023) (quoting *Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016)).

"The right to the constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea." *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014) (quoting *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013)).

> In the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea. Where the defendant enters his

plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Thomas*, 270 A.3d 1221, 1226 (Pa. Super. 2022) (quotation marks and citations omitted).

Significantly, "a defendant's lack of knowledge of collateral consequences of the entry of a guilty plea does not undermine the validity of the plea, and counsel is therefore not constitutionally ineffective for failure to advise a defendant of the collateral consequences of a guilty plea." *Id.* at 1227. "If [an a]ppellant can prove that counsel **misinformed** him about the consequences of his plea, the claim would have arguable merit." *Lippert*, 85 A.3d at 1101 (emphasis added). However, "counsel's **omission** to mention a collateral consequence of a guilty plea does not constitute ineffective assistance of counsel." *Barndt*, 74 A.3d at 196 (emphasis added; citation omitted).

Instantly, Appellant acknowledges that, "[g]enerally, counsel's failure to advise a defendant of a collateral consequence of a guilty plea does not render counsel's assistance ineffective." Appellant's Brief at 11 (citing *Barndt*, 74 A.3d at 196)). Appellant maintains, however, that "counsel's assistance is constitutionally ineffective when counsel misapprehends the consequences of a given plea and misleads his client accordingly about those consequences without regard to whether the consequences in question are 'direct' or 'collateral.'" *Id.* at 12 (emphasis omitted) (quoting *Barndt*, 74 A.3d at 196)).

In support of her argument, Appellant largely relies on this Court's recent non-precedential decision in **Commonwealth v. Moyer**, 1438 MDA 2023, 2024 WL 2684209 (Pa. Super. filed May 24, 2024) (unpublished memorandum).[2]  In **Moyer**, on the advice of counsel, defendant entered a *nolo contendere* plea to COM.  **Moyer**, 2024 WL 2684209 (unpublished memorandum at 2).  The defendant filed a PCRA petition specifically averring that his plea counsel misinformed him that his COM conviction would **not** preclude him from possessing firearms.  **See id.** (unpublished memorandum at 3).  The PCRA court convened an evidentiary hearing at which plea counsel confirmed he had advised the defendant his COM conviction would not preclude him from possessing firearms.  **See id.** (unpublished memorandum at 6).  The PCRA court denied defendant relief, and defendant appealed.  **See id.** (unpublished memorandum at 3).

On appeal, we initially confirmed that COM is an enumerated offense disqualifying a defendant from possessing firearms.  **See id.** (unpublished memorandum at 10) (citing 18 Pa.C.S.A. § 6105(b)).  We further concluded that counsel's "patently erroneous advice," entitled defendant to relief.  **Id.** (unpublished memorandum at 13).  In arriving at this conclusion, we relied on the proposition set forth in **Barndt**, *supra*, that while an

> **omission** to mention a collateral consequence of a guilty plea does not constitute ineffective assistance of counsel, … counsel's

---

[2] Unpublished memoranda filed after May 1, 2019, may be cited for their persuasive value.  **See** Pa.R.A.P. 126(b).

- 6 -

assistance is constitutionally ineffective when counsel misapprehends the consequences of a given plea and misleads his client accordingly about those consequences ….

*Id.* (unpublished memorandum at 5-6) (emphasis and citation omitted).

Instantly, in its opinion accompanying its notice of intent to dismiss Appellant's PCRA petition without a hearing, the PCRA court explained:

> [Appellant]'s argument that [plea] counsel was ineffective for failing to inform her of a collateral consequence [of her guilty plea to COM] lacks merit. … [I]t has long been held that counsel is not required to inform a defendant of the collateral consequences of their guilty plea, including the right to own firearms. [Appellant's PCRA] petition even acknowledges that [a prohibition on possessing firearms] was a collateral consequence of her plea. Therefore, [the PCRA court] find[s] that [Appellant]'s argument lacks arguable merit because [plea] counsel cannot be ineffective for failing to do something they are not required to do.

PCRA Court Opinion, 2/20/24, at 4-5 (record citation omitted).

Upon review, the PCRA court's legal conclusion is sound, and we discern no abuse of the PCRA court's discretion in denying Appellant's PCRA petition without a hearing. It is undisputed that a COM conviction precludes an individual from lawfully possessing a firearm. *See* 18 Pa.C.S.A. § 6105(b); *see also Moyer*, 2024 WL 2684209 (unpublished memorandum at 10). However, Appellant has not alleged that plea counsel misadvised or misled her concerning this consequence of her guilty plea. *See Snyder*, 250 A.3d at 1258 (recognizing that appellants bear the burden of pleading and proving each element of the ineffectiveness test). Rather, Appellant maintains that plea counsel's failure to apprise her of this collateral consequence rendered her guilty plea unknowing and involuntary. *See* PCRA Petition, 4/13/23, at 4;

Amended PCRA Petition, 12/20/23, ¶ 19; Appellant's Brief at 13. On these bases, Appellant's case is readily distinguishable from **Moyer**, *supra*, where defendant's counsel affirmatively misadvised him about the consequences of his COM plea.

Based on the foregoing, we conclude Appellant has failed to plead and prove that her claim has arguable merit. **See Barndt**, 74 A.3d at 196; **see also Commonwealth v. Miller**, 231 A.3d 981, 992 (Pa. Super. 2020) ("The PCRA expressly requires that a petitioner 'plead and prove' by a preponderance of the evidence each element of his ineffectiveness claim." (citing 42 Pa.C.S.A. § 9543)). Appellant is due no relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/25/2024