J-S09021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :         PENNSYLVANIA
                                       :

       v.                          :
                                       :

SEAN TAYLOR                   :
                                     :
          Appellant          :     No. 792 EDA 2021

Appeal from the Order Entered April 16, 2021,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0004287-2011.

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                         :         PENNSYLVANIA
                                       :

       v.                          :
                                       :

SEAN TAYLOR                   :
                                     :
          Appellant          :     No. 793 EDA 2021

Appeal from the Order Entered April 16, 2021,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0003315-2012.

BEFORE: LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:           **FILED MAY 24, 2022**

    Sean Taylor appeals the denial of his first petition filed under the Post

Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. We conclude that

Taylor's *pro se* petition and counseled supplemental petitions were sufficient

_____

[*] Former Justice specially assigned to the Superior Court.

to warrant an evidentiary hearing. We find that the PCRA court properly denied Taylor's sexually violent predator (SVP) claim outside of the PCRA. We thus affirm in part, vacate in part, and remand for an evidentiary hearing.

Taylor was initially charged at separate dockets with sexual offenses against his step-niece (S.R.) and another child (C.M.). Both cases were consolidated for trial.[1] S.R. testified that Taylor abused her when she was ages seven to fourteen. C.M. testified that Taylor abused her when she was ages nine to eleven. A jury convicted Taylor in both cases. Taylor retained new counsel following trial. On June 27, 2014, the trial court found that Taylor was an SVP and sentenced him to an aggregate term of 25 to 50 years of imprisonment. Taylor appealed, and on December 11, 2015, this Court affirmed Taylor's judgment of sentence. *Commonwealth v. Taylor*, No. 1893 EDA 2014 (Pa. Super. Dec. 11, 2015) (unpublished memorandum). Taylor did not seek discretionary review by the Pennsylvania Supreme Court.

---

[1] The Commonwealth did not prosecute Taylor for additional offenses alleged by another niece (D.L.) and another step-niece (Sh.R.). Taylor knew this at the time of trial. N.T., 3/15/13, at 95 (D.L.); N.T., 3/18/13, at 10 (Sh.R.). Although the trial court had granted the Commonwealth's motion to present D.L., D.L. did not appear, and trial was effectively sanitized of evidence about D.L. *See, e.g.*, N.T., 3/13/13, at 77–80; N.T., 3/15/13, at 63, 129.

Taylor also knew at the time of trial that S.R. had accused other family members. N.T., 9/14/12, at 22 ("[S.R.] made allegations against her stepbrother, her father, and Sean Taylor."); N.T., 3/15/13, at 119 (noting that S.R. said five other people sexually assaulted her, and DHS didn't investigate them or indicate; DHS only charged or made a finding with respect to Taylor).

Taylor and his appellate counsel exchanged letters for the next two years regarding the filing of a PCRA petition. Six of these letters were included in filings before the PCRA court and this Court.

On September 14, 2018,[2] Taylor filed a *pro se* PCRA petition and a 42-page *pro se* amended petition. For simplicity, we will refer to both documents as the *pro se* petition. Therein, Taylor argued that the *pro se* petition was timely based on August 2018 affidavits from D.L. and from his nephew Eric Taylor. He claimed that his trial and appellate counsel were ineffective, and that his appellate counsel had abandoned him after June 21, 2017.

PCRA counsel was appointed. On June 3, 2019, PCRA counsel filed a supplemental petition. He raised additional ineffectiveness claims and argued that the *pro se* petition was timely because it was filed within one year of the date Taylor discovered that prior counsel had abandoned him. PCRA counsel filed a second supplemental petition on September 9, 2019, adding a claim that Taylor's SVP designation was unconstitutional.

On September 10, 2019, the Commonwealth responded that the *pro se* petition was untimely. PCRA counsel replied on December 2, 2019, arguing that appellate counsel abandoned Taylor after he did not reply to three attached letters from Taylor. The Commonwealth responded again on January 22, 2020, reiterating its position that the *pro se* petition was untimely.

---

[2] The petition was dated September 13, 2018 and postmarked September 14, 2018. Under the prisoner mailbox rule, it is treated as filed on the date that Taylor delivered it to prison authorities for mailing. *See Commonwealth v. Kennedy*, 266 A.3d 1128, 1132 n.8 (Pa. Super. 2021).

On March 17, 2021, the PCRA court provided a form notice of intent to dismiss Taylor's counseled petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907.[3] Taylor did not file a response. The PCRA court dismissed Taylor's petition on April 15, 2021 based on untimeliness and a lack of merit. These timely appeals followed. Instead of directing Taylor to file a concise statement of errors complained of on appeal, the PCRA court issued a Rule 1925(a) opinion addressing timeliness and the four substantive issues raised by PCRA counsel in his supplemental petitions.

Taylor identifies the following three issues in his statement of questions:

1. Did the [PCRA c]ourt commit legal error when dismissing [Taylor's] PCRA Petition as untimely, without merit and a hearing?

2. Did [Taylor] raise genuine issues of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing?

3. Did [Taylor] demonstrate that (1) the underlying legal issue has arguable merit; (2) trial and appellate counsel's actions lacked an objective reasonable basis; and (3) [Taylor] was prejudiced by counsel's act or omission[?]

Taylor's Brief at 3.[4]

---

[3] A "check-the-box" Rule 907 form is not sufficiently specific to allow counsel to amend a petition. **Commonwealth v. Bradley**, 261 A.3d 381, n.15 (Pa. 2021) (citing **Commonwealth v. Williams**, 782 A.2d 517, 527 (Pa. 2001)).

[4] In his table of contents and throughout the argument section of his brief, Taylor argues five points. We remind counsel to state each issue to be resolved in the statement of questions, and to divide the argument into as many parts as there are questions to be argued. Pa.R.A.P. 2116(a), 2119(a).

"This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether 'the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.'" *Commonwealth v. Larkin*, 235 A.3d 350, 355 (Pa. Super. 2020) (*en banc*) (quoting *Commonwealth v. Barndt*, 74 A.3d 185, 191–92 (Pa. Super. 2013)). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Commonwealth v. Snyder*, 250 A.3d 1253, 1258 (Pa. Super. 2021) (quoting *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012)).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the petitioner is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he or she raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (quotation marks and citation omitted); *see* Pa.R.Crim.P. 907(1), 908(A)(2).

We start with Taylor's first issue, in which he challenges the PCRA court's determination that his petition was facially untimely and that he did not plead and prove an exception to the PCRA's time bar. The PCRA provides:

- 5 -

(1)  Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2)  Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1) and (2).

The Section 9545(b) timeliness requirements are jurisdictional. *Commonwealth v. Cobbs*, 256 A.3d 1192, 1207 (Pa. 2021) (citing *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010)).  A PCRA petition that is not filed within one year of the date that the judgment of sentence became final is facially untimely.  If a petition is facially untimely, then the petitioner must plead and prove an exception to the time bar under Section 9545(b)(1).  Exceptions to the PCRA time bar must be pled in the petition and may not be raised for the first time on appeal.  *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a).

Courts do not have power to make equitable exceptions to the PCRA's timeliness requirements. **Commonwealth v. Tedford**, 228 A.3d 891, 905 (Pa. 2020). A petition invoking a statutory exception must be filed within the period specified in Section 9545(b)(2).[5]

If a PCRA petition is facially untimely and the petitioner has not pled and proven a Section 9545(b)(1) exception, then neither the PCRA court nor this Court has jurisdiction over the petition. **Cobbs**, 256 A.3d at 1207. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Taylor's judgment of sentence became final on January 11, 2016, at the conclusion of the time to seek discretionary review by the Supreme Court of Pennsylvania of this Court's ruling on Taylor's direct appeal. Pa.R.A.P. 1113(a) (providing that generally, a petition for allowance of appeal must be filed within 30 days of the Superior Court's order); **see also** 1 Pa.C.S.A. § 1908. Therefore, Taylor had until January 11, 2017 to file a facially timely petition. Because Taylor filed his *pro se* petition on September 14, 2018, it is

_____

[5] Before 2018, this period was 60 days. Act 146 of 2018 established the current one-year limit, which applies "only to claims arising [December 24, 2017] or thereafter." Here, therefore, the applicable period depends on when Taylor's claims arose. We conclude that for the purposes of this distinction, a claim **arises** when it "could have been presented" as that phrase is used in Section 9545(b)(2). When the claim "could have been presented" is a question for the fact finder.

untimely unless he has met his burden of pleading and proving that one of the enumerated exceptions applies. **Cobbs**, **supra**.

Taylor claims that he did not know that prior counsel never filed a PCRA petition and that he filed his *pro se* petition within one year of learning that his counsel had abandoned him. Thus, he claims he met the "newly discovered fact" exception. We have previously explained that this exception

> requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of after-discovered evidence. Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim.

**Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (quotation marks and citations omitted).

Taylor relies on two cases to show that counsel's failure to file a PCRA petition in a timely fashion may constitute a "newly discovered fact" under Section 9545(b)(1)(ii). **See Commonwealth v. Bennett**, 930 A.2d 1264

(Pa. 2007); ***Commonwealth v. Peterson***, 192 A.3d 1123 (Pa. 2018). In ***Bennett***, the Supreme Court held that a petitioner could allege the dismissal of his first PCRA appeal based on counsel's failure to file a brief as a newly discovered fact to render his second petition timely. ***Bennett***, 930 A.2d at 1274. Similarly, in ***Peterson***, our Supreme Court characterized counsel's inadvertent late filing of a PCRA petition as ineffectiveness *per se*, holding that such tardiness constituted a "newly discovered fact." ***Peterson***, 192 A.3d at 1130–31.[6] There, the PCRA court found that Peterson did not know that the filing was untimely, nor could he have known this through due diligence. ***Id.***

Notably, a petition alleging prior counsel's ineffectiveness as a newly discovered fact under this line of cases must still be filed within the period specified in Section 9545(b)(2). ***E.g.***, ***Bennett***, 930 A.2d at 1272 n.11 (finding Bennett's second petition, filed within 25 days of when he learned that the Superior Court had dismissed his first PCRA appeal, to be timely); ***Peterson***, 192 A.3d at 1131 (finding Peterson's second petition, filed within 60 days of when he discovered the ineffectiveness, to be timely); ***see also Commonwealth v. Washington***, 269 A.3d 1255, 1259 (Pa. Super. 2022) (*en banc*) (addressing the merits of a PCRA petition filed 24 days after the petitioner's first PCRA petition filed by counsel was dismissed as untimely); ***cf. Kennedy***, 266 A.3d at 1134–35 (finding untimely a petition filed more

---

[6] Ineffectiveness of PCRA counsel *per se* encompasses situations when PCRA counsel takes or fails to take *any* action that wholly deprives his or her client of the right to appellate review of collateral claims. ***E.g.***, ***Commonwealth v. Parrish***, 224 A.3d 682, 701 (Pa. 2020) (vague Rule 1925(b) statement).

than one year after a prior PCRA appeal held that all issues were waived for counsel's failure to file a Rule 1925(b) statement).

Here, the parties and the PCRA court evaluated whether the *pro se* petition was timely based on the six letters between Taylor and prior counsel that were attached to Taylor's counseled supplemental petitions:

- On February 2, 2016, prior counsel wrote: "I believe the next step that has any chance of success is to file a P.C.R.A. for ineffective assistance of trial counsel. We have one year from Superior Court denial to do so and we will do that."

- On July 8, 2016, prior counsel wrote: "We have until December 11, 2016 to file PCRA, ineffective assistance claim. Please send me a letter explaining areas where your lawyer was ineffective and I will investigate."

- On June 21, 2017, prior counsel wrote: "As you know, the Superior Court affirmed your conviction a while ago. To proceed with an after discovered evidence claim as you have indicated to me by letter, I will need the name and address and telephone number of the after discovered witness so that I can interview to see if it falls into the category required by law. Let me know as soon as possible."

- In a letter postmarked July 27, 2017, Taylor identified a "new evidence witness." He provided the name and telephone number of Sh.R., who is the sister of victim S.R.

- In a letter dated November 17, 2017, Taylor wrote: "I would like to know what if anything is going on with my case? You say that you want to interview the newly discovered witness yet you have not contacted this witness. [Counsel] my family is willing to go pick this witness up from down south if you have a date set in which you want to interview this witness. My family is constantly trying to get in contact with you, they leave messages with your secretary and they are told that you will call them back. [Counsel] can you please give us a date that you would like to interview this witness because leaving messages with your secretary is not working. [Counsel] I very much need this interview done, so you may file whatever paperwork needed with the courts. I would also like a copy of my

> preliminary and sentencing transcripts, so I may see if there are any issues I would like for you to raise."
>
> • In a letter dated December 17, 2017, Taylor wrote: "On 11-17-17 I wrote you about my case and I have not gotten a response back from you. I would like to know if anything is going on with my case?" He repeated the remaining language from his previous letter.

Supplemental Petition, 6/3/19, Exhibit D; Response, 12/2/19, Exhibits G–I. The Commonwealth does not dispute the authenticity of the letters. Commonwealth's Brief at 12.

Taylor argues that these letters show that he exercised due diligence and "immediately" filed his *pro se* petition once he discovered that counsel had not filed a petition. Taylor's Brief at 14–15. He concludes that the September 14, 2018 filing date "was within 1 year of [counsel's] abandonment of [Taylor]." ***Id.*** at 15. Therefore, he urges us to find that the petition was timely and to review the merits of his remaining claims. ***Id.***

The Commonwealth concedes on appeal that Taylor met the "newly discovered facts" exception because he filed his petition within a year of discovering prior counsel had abandoned him. Commonwealth's Brief at 11. The Commonwealth disputes the PCRA court's finding of what Taylor knew from the June 21, 2017 letter. ***Id.*** at 12. Additionally, the Commonwealth claims that Taylor acted properly by not filing a *pro se* document while

represented by counsel, thereby avoiding hybrid representation. *Id.* at 13.

Thus, the Commonwealth does not contest timeliness. *Id.*[7]

The PCRA court interpreted the letters to find that Taylor did not act with due diligence:

> [Taylor] is unable to show that he exercised due diligence and that the fact that his PCRA had not been filed was unknown to him earlier. The letters he submitted show that he knew the PCRA petition had to be filed by December 11, 2016 (the deadline was actually January [11], 2017), and that he knew nothing had been filed by that date when he received [prior counsel's June] 21, 2017 letter indicating that they were going to proceed with an after-discovered evidence claim. At this point, [Taylor] knew a timely petition had not been filed. [Taylor] should have filed a PCRA by [June] 21, 2018[8] to be timely based upon the newly discovered fact exception to the time bar with respect to his abandonment allegation. Instead, [Taylor] continued to write letters to [prior counsel] through December 2017, the contents of which show [Taylor] knew a petition still had not been filed in his case. Ultimately, [Taylor] did not file a petition until September 14, 2018. Since [Taylor] is unable to show he exercised due diligence, [Taylor] is unable to overcome the time bar and [Taylor's] petition should be dismissed based upon untimeliness.

PCRA Court Opinion at 6–7.

Upon review, we find that the letters present three genuine issues of material fact: (1) when Taylor knew and should have known that prior counsel failed to file a PCRA petition, (2) whether and when prior counsel abandoned

---

[7] Although the parties agree on appeal that the *pro se* petition was timely, we are obligated to conduct an independent judicial review of the PCRA court's determination. *See generally Commonwealth v. Brown*, 196 A.3d 130, 145–49 (Pa. 2018) (rejecting the Commonwealth's concession of capital PCRA court error as a substitute for merits review by the Court).

[8] See note 5, *supra*, regarding the effective date of Act 146 of 2018.

Taylor, and (3) whether prior counsel was ineffective *per se* for failing to file a PCRA petition or for abandoning Taylor.

First, the letters from prior counsel to Taylor do not clearly demonstrate when—or whether—Taylor knew that his attorney had not filed a timely petition. The PCRA court's finding, that when Taylor received the July 21, 2017 letter, he **knew** that prior counsel had not filed a PCRA petition, does not automatically follow from the record, under our scope of review. **Snyder**, **supra**. The February 2, 2016 letter about filing a PCRA petition, stating that "we will do that," shows that prior counsel still represented Taylor after his appeal and would extend that representation through the PCRA process.

Prior counsel's next letters of July 8, 2016 and July 21, 2017 do not state that prior counsel had or had not filed a PCRA petition. The PCRA court's conclusion on this issue requires a degree of inference that is unsupported by the record. Taylor's knowledge as a layperson of the dockets of his cases is necessary to determine whether his *pro se* petition is timely. A cold reading of the letters does not resolve this genuine issue of material fact.[9]

Second, there is a genuine dispute of material fact as to when Taylor knew or should have known that prior counsel abandoned him. Taylor's letters to prior counsel do not resolve this issue. The July 27, 2017 letter shows that

_____

[9] We note that there is no longer any "public record presumption" for when a PCRA petitioner should know of facts. **Commonwealth v. Small**, 238 A.3d 1267, 1285–86 (Pa. 2020). Here, the PCRA court as fact finder should find when Taylor knew that prior counsel did not file a petition and when he should have known this by the exercise of due diligence, absent any presumption.

Taylor still believed that prior counsel was representing him. The letters from November and December 2017 reflect Taylor's frustration with prior counsel but do not demonstrate knowledge of the procedural posture of his case. Therefore, the record, including the letters from Taylor, raises but does not resolve questions about whether prior counsel abandoned Taylor and the date that this occurred.

Third, the letters call the adequacy of prior counsel's representation into doubt, for purposes of determining whether prior counsel was in fact ineffective *per se*.[10] The July 8, 2016 letter provided an incorrect date by which to file a petition.[11] Moreover, prior counsel placed the onus on Taylor— the client—to explain how his trial counsel was ineffective. **See** Letter, 7/8/16 ("Please send me a letter explaining areas where your lawyer was ineffective and I will investigate."). Taylor's subsequent letters to prior counsel weigh on, but do not resolve, the issue of whether prior counsel was ineffective *per se* for purposes of establishing a **Bennett**/**Peterson** "newly discovered fact."

These three questions are best resolved by the PCRA court as fact finder. **Commonwealth v. Hart**, 199 A.3d 475, 482 (Pa. Super. 2018) (remanding

---

[10] **Bradley**, **supra**, held that allegations of PCRA counsel's ineffectiveness can be raised at the first opportunity, even on appeal. Here, the issue stems from Taylor's representation by his post-trial and appellate counsel, not by his presently appointed PCRA counsel.

[11] Knowledge of PCRA deadlines is not in itself a "fact" for timeliness purposes. **Kennedy**, 266 A.3d at 1135 ("[R]ules of state procedure are not 'facts' for purposes of [Section 9545(b)(1)(ii)].").

for evidentiary hearing to determine when a petitioner knew about certain facts for the "newly discovered facts" exception to apply).[12]

In light of our remand, we need not address the PCRA court's disposition of Taylor's three counseled claims of ineffective assistance of counsel. We note that the parties and PCRA court agree that there is merit to Taylor's claim regarding his mandatory sentence for sexual offenses under *Alleyne v. United States*, 570 U.S. 99 (2013). *See* 18 Pa.C.S.A. § 9718(c) (prior version). Taylor's Brief at 23; Commonwealth's Brief at 19; PCRA Court Opinion at 11–12. The outcome of this claim will depend on the PCRA court's timeliness determination. *Commonwealth v. Ruiz*, 131 A.3d 54, 58 (Pa. Super. 2015) ("*Alleyne* does **not** invalidate a mandatory minimum sentence when presented in an untimely PCRA petition." (citing *Commonwealth v. Miller*, 102 A.3d 988, 995–96 (Pa. Super. 2014))).

Finally, regarding Taylor's challenge to the SVP designation, we agree with the PCRA court that this claim is not subject to the PCRA's timeliness constraints. PCRA Court Opinion at 12 n.5 (citing *Commonwealth v. Lacombe*, 234 A.3d 602, 617–18 (Pa. 2020)); *see Commonwealth v. Elliott*, 249 A.3d 1190, 1193 (Pa. Super. 2021) (not treating a PCRA petition

---

[12] We note that Taylor included with his *pro se* petition two affidavits from August 2018, which he characterized as newly discovered evidence. *Pro Se* Petition, 9/14/18, Exhibits A, B, Amended Petition at 2–3. Appointed counsel did not mention these affidavits in the supplemental petitions, and the PCRA court did not address them. We leave it to the parties to address and the PCRA court to determine whether these are merely "a newly discovered or newly willing source for previously known facts." *Brown*, 111 A.3d at 176.

that challenged SVP requirements as a PCRA petition). As to the merits of this issue, we also agree that Taylor is not entitled to relief. While Taylor's appeal in this case was pending, the Pennsylvania Supreme Court found no constitutional defect in the SVP statute. ***Commonwealth v. Butler***, 226 A.3d 972 (Pa. 2020). Thus, we affirm the denial of Taylor's SVP claim, independent of our remand to determine the factual issues surrounding whether Taylor's PCRA petition was timely.

Order affirmed in part and vacated in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2022